## Forbes v. Herr, Defendant, and Homsher, Sheriff.

*Landlord and tenant—Sub-tenant—Rent—Distress for—Landlord's warrant—Replevin.*

The plaintiff's lessor subsequently, without the knowledge of the plaintiff, conveyed the leased property to the defendant, from whom he took a lease, and having become in arrears with his rent, the defendant issued a landlord's warrant and levied on the goods of the plaintiff on the premises. On replevin proceedings to recover the same: *Held*, that the plaintiff had prior and paramount rights, and, being neither a tenant nor a sub-tenant of the defendant, sustained no relation to him out of which the right to distrain could arise, and his possession of the premises was notice to the defendant of his rights, and the plaintiff was, therefore, entitled to judgment.

Rule for judgment for defendant *n. o. v.* C. P. Lancaster Co., April T., 1923, No. 33.

*John M. Groff,* for rule; *H. Edgar Sherts,* contra.

HASSLER, J., Jan. 16, 1926.—At the trial of this case the facts were agreed upon and submitted to the jury, who, under our instruction, found a verdict for plaintiff. We refused a point submitted by the defendants for binding instructions in their favor, and are now asked to enter judgment for the defendant *non obstante veredicto.* The action is replevin, issued by the plaintiff to obtain possession of goods and chattels in the possession of the defendants by virtue of a landlord's warrant. The right to levy upon the goods and chattels in question under the landlord's warrant is denied by the plaintiff.

The facts agreed upon at the trial are that, some time prior to May 18, 1922, George M. Gregg, the owner of a house and lot in Eden Township, this county, by a verbal lease rented it to Frank P. Forbes, the plaintiff, who took possession of it previous to that date and continued in such possession up to the time when the landlord's warrant was issued, which was March 24, 1923. On May 18, 1922, the said George M. Gregg conveyed the said house and lot to John H. Herr, one of the defendants, who on the same day leased it by a written lease to said George M. Gregg, his grantor. Frank P. Forbes, the

### Forbes v. Herr, Defendant, and Homsher, Sheriff.

plaintiff, was then in possession of the permises, his rent having been paid to his lessor, George M. Gregg, and, so far as shown, knew nothing of the transaction between Gregg and Herr, either of the conveyance of the house and lot to Herr or of the lease of it to Gregg. Gregg having failed to pay his rent, Herr issued a landlord's warrant on March 24, 1923, to collect it, and C. F. Homsher, one of the defendants, by virtue of it, levied on the goods and chattels of Forbes then on the premises. This writ of replevin was then issued at the instance of Forbes to regain possession of his goods and chattels so levied on and to test the validity of the levy on them under the landlord's warrant.

From the facts agreed on at the trial it appears that Frank P. Forbes was neither a tenant nor a sub-tenant of John H. Herr of the house and lot in question, and he was not in possession under him, either directly or indirectly. He rented it from George M. Gregg and was in possession of it by virtue of that lease at the time the levy under the landlord's warrant was made. The fact that his, Forbes's, lessor, G. M. Gregg, subsequently conveyed the said house and lot to John H. Herr, who at the same time it was conveyed to him leased it to Gregg, did not affect his, Forbes's, right under his lease with Gregg. Forbes being in possession under his lease from Gregg was notice to Herr that he had some right in the premises, and he took title subject to such right of possession as Forbes had in it. Forbes could remain in possession until the end of his term. The fact that Gregg boarded with him did not affect his, Forbes's, right under his lease with Gregg.

There can only be a distraint for rent in arrears where there is a demise and a certain rent reserved: Diller v. Roberts, 13 S. & R. 60; Wells v. Hornish, 3 P. & W. 30.

In Hessel v. Johnson, 129 Pa. 173, the facts are that M. T. Johnson leased the premises to James P. Rossiter. Rossiter sublet a portion of them to Henry Hessel. Rossiter, with Johnson's consent, sold and assigned his interest in the lease to C. S. Fritz, who surrendered it to Johnson. Johnson at once gave Fritz a new lease. Hessel was in possession of his portion of the premises which he held under his said lease from Rossiter at the time this conveyance and new lease were made. Fritz became in arrears in payment of his rent, and Johnson issued a landlord's warrant and levied on the goods and chattels of Hessel then on the premises. It was decided that Hessel's goods were not liable for Fritz's rent. In delivering the opinion of the court, Justice Clark said: "This lease [Johnson to Fritz] was also necessarily subject to the rights of Hessel, who was then, and afterwards remained, in the actual possession of a part of the premises; and Fritz must be taken to have accepted the lease with this incumbrance. . . . But in no event can Hessel be considered a sub-tenant. His goods were liable to be distrained upon for his own rent, either by Johnson, or Fritz, as assignee of Johnson, as the case might be, but in no event were they liable to be seized for the rent owing by Fritz; for Fritz was not yet in possession of that portion of the premises under his lease, and Hessel did not hold, either mediately or immediately, under the lease upon which such a distress would be made. The relation of landlord and tenant cannot in any proper sense be considered complete until the tenant acquires the possession; and, to sustain an avowry for rent in arrear, that relation must be shown to exist, as to the very premises upon which the seizure is made, if the goods distrained are the goods of a stranger: Helser v. Pott, 3 Pa. 179."

This same case was again passed upon by the Supreme Court in 142 Pa. 8, where Justice Williams, delivering the opinion of the court, said: "It was

Forbes *v.* Herr, Defendant, and Homsher, Sheriff.

distinctly held when this case was here before that Johnson, having made the new lease with knowledge of Hessel's position as a sub-tenant, could not seize his goods in his own possession for the rent due from Fritz under the new lease. That was the only question then presented. We now hold that he sustained no relation to Hessel out of which the right to distrain could arise. His right to distrain against Rossiter was extinguished by his own act in accepting and acting upon the surrender of the lease to him. His right to distrain upon Hessel, in the right of Rossiter, if that right subsisted in him after the surrender by Fritz, passed out of him by virtue of the new lease, which clothed Fritz with all the rights and remedies which his landlord had at the time the new lease was made for the recovery of both the rent and the possession from Hessel. If any other right to distrain than those we have now considered could have been alleged by Johnson, it has not been suggested to us by counsel nor by an examination of the facts presented. Hessel ought to pay his rent, if he has not; but whether he does so or not, he has a right to object to the seizure of his goods by any person not authorized to make such seizure. If his position is a somewhat anomalous one, there is this to be said in his favor, he did not put himself in it. The acts of Johnson and Fritz, done in disregard of his rights and apparently in hostility to him, are responsible for whatever uncertainty has arisen in consequence of them."

The rights of Herr are not higher than those of Johnson in the case from which we have quoted. Forbes was in possession of the premises under the lease from Gregg. He had paid his rent. Herr was bound by notice of this and took title to the premises subject to Forbes's right in it under his lease. His goods and chattels were liable for distress for his rent in arrear, either by Gregg, his landlord, or by Herr, who stood in Gregg's place by the conveyance of the land to him, but were not liable for distress for rent due from Gregg to Herr under the lease from Herr to Gregg, because under that lease Herr did not sustain the relation of landlord to him. As the levy was made upon the goods and chattels of Forbes under a landlord's warrant issued by Herr for rent due from Gregg on his lease to Gregg, it did not bind them, and a verdict should have been directed for the plaintiff. We, therefore, discharge the rule for judgment *n. o. v.* and enter judgment for the plaintiff.

From George Ross Eshleman, Lancaster, Pa.